IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL POPE,  )
             )
    Plaintiff,  )
             )
    v.       )  No. 08 c 4715
             )
CITY OF CHICAGO, FRANK MACK,  )
POLICE OFFICER #19804,  )
POLICE OFFICER O'TOOLE,  )
JONATHAN SHORTALL, POLICE  )
OFFICER, POLICE OFFICER STACK,  )
and DANIEL CONWAY, POLICE  )
OFFICER,  )
             )
    Defendants.  )

## OPINION AND ORDER

Plaintiff Michael Pope alleges he was arrested by defendant Chicago police officers Frank Mack, Daniel O'Toole, Jonathan Shortall, Thomas Stack, and Daniel Conway. He alleges they had no probable cause to arrest him and fabricated evidence to support the criminal charges brought against him. Plaintiff was held in custody for almost two years before being acquitted on the criminal charges. Plaintiff contends the officers' conduct constitutes false arrest or false imprisonment in violation of the Constitution (Claim I). He also contends the fabrication of evidence and concealment of that wrongdoing constitutes a federal due process or Fourth Amendment violation

(Claim II). Additionally, plaintiff brings a claim against the officers for state law malicious prosecution, which is also brought against defendant City of Chicago (Claim III). Defendants have moved to dismiss the Complaint. They contend Claim I is untimely. As to Claim II, defendants contend no cognizable claim is stated in that the allegedly fabricated evidence could not have been material because plaintiff was acquitted in the criminal case. Assuming the two federal claims are dismissed, defendants contend the state law claim should be dismissed without prejudice for want of jurisdiction. See 28 U.S.C. § 1367(c)(3).

Plaintiff's Complaint was filed on August 19, 2008. There is no dispute that a two-year limitation period applies to Claim I. Wallace v. Kato, 549 U.S. 384, 387 (2007); Dominguez v. Hendley, 545 F.3d 585, 588 (7th Cir. 2008). It is alleged that plaintiff was arrested on July 10, 2006 and arraigned on August 29, 2006. Plaintiff contends his false arrest claim accrued on the date of arraignment, which is within two years of the filing of the Complaint. In support of some additional procedural facts, defendants provide certified court records of the state criminal proceeding for which judicial notice is taken and which may be considered on defendants' Rule 12(b)(6) motion to dismiss. Trustees of Local 734 Bakery Drivers Health & Welfare Plan v. Wolff, 537 F. Supp. 2d 951, 954 (N.D. Ill. 2008).

The parties agree that the court document establishes that, on July 12, 2006, a "Gerstein" hearing (see Gerstein v. Pugh, 420 U.S. 103 (1975)) was held and a judge determined there was probable cause to detain plaintiff pending further proceedings.[1] If Claim I accrued at the time of the Gerstein determination, the claim is untimely. If Claim I accrued at the time of the arraignment, the claim is timely.

In Wallace, the Supreme Court noted that federal claims of false imprisonment and false arrest are overlapping, with the former being a species of the latter. 449 U.S. at 388. The essence of false imprisonment is "detention without legal process." Id. at 389. The Supreme determined that a claim for false arrest/imprisonment would not accrue until the false imprisonment ended. Id. False imprisonment ends and potential wrongful institution of legal process begins when the falsely imprisoned person (arrestee) begins to be held pursuant to legal process. Id. In Wallace, the plaintiff had filed his claim more than nine years after he was arrested, but just under two years after his criminal proceedings had been dismissed following a conviction, two rounds of appeal, and a second remand. See id.

---

[1] Without actually disputing the accuracy of the document attached to defendants' motion to dismiss, plaintiff objected that it was not certified or otherwise authenticated. If accepted as authentic, plaintiff conceded the document supports that a Gerstein probable cause determination was made. With their reply, defendants provided a certified copy of the July 12, 2006 court entries.

at 386-87. The Supreme Court held that his claim accrued shortly after his arrest when he was bound over for trial, not when the criminal charges were dismissed. Id. at 391-92. In holding that a false arrest/imprisonment claim accrues when an arrestee is subjected to legal process, the Court stated: "the victim becomes held <u>pursuant to such process</u>--when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 390-91.

Plaintiff contends that, under Illinois procedures, being further detained following a <u>Gerstein</u> hearing is not the same as being bound over for trial. The Supreme Court, however, was only giving two possible examples of a falsely arrested person's detention status changing to being held pursuant to legal process. The Supreme Court was not providing an all encompassing list of what constitutes being held pursuant to legal process. Recently, the Tenth Circuit held that being further detained following a <u>Gerstein</u> hearing is detention pursuant to legal process, within the meaning of <u>Wallace</u>, that begins the accrual of a false arrest claim. <u>Young v. Davis</u>, 554 F.3d 1254, 1257 (10th Cir. 2009). No other case has been cited or found that considers whether being held following a <u>Gerstein</u> hearing begins the accrual of a false arrest claim.

The two cases cited by plaintiff are not on point. In <u>Dominguez</u>, a defendant argued that the plaintiff was bringing a

Fourth Amendment claim that would have accrued no later than when the plaintiff was arraigned. The Seventh Circuit did not reach this issue, instead holding that the plaintiff's claim was more properly characterized as a due process claim that accrued when the related criminal conviction was set aside. See Dominguez, 545 F.3d at 589. Similar to Wallace, the pertinent issue in Gordon v. Devine, 2008 WL 4594354 (N.D. Ill. Oct 14, 2008), was whether the plaintiff's false arrest claim accrued when he was subjected to legal process shortly after his allegedly false arrest or years later when the criminal proceeding was dismissed. Relying on Wallace, which the parties had not cited, the court held that the claim accrued when Gordon was subjected to legal process and his arraignment constituted legal process. Gordon, 2008 WL 4594354 at *5. There is no indication that, prior to the arraignment, Gordon had been detained following a Gerstein hearing. See Gordon, 2008 WL 4594354 at *1. And even if he was, the court did not address the issue of whether a Gerstein hearing or the arraignment would be the proper measure of the accrual date. See Gordon, 2008 WL 4594354 at *5. Plaintiff does not point to any sound reason why being detained following a Gerstein probable cause hearing would not constitute being detention pursuant to legal process and no longer being falsely imprisoned without legal process. The Tenth Circuit's holding in Young will be followed.

On the facts properly before the court on defendants' motion to dismiss, following his <u>Gerstein</u> probable cause hearing on July 12, 2006, plaintiff was being held pursuant to legal process. Therefore, his false arrest (false imprisonment) claim accrued on that date. Since the present lawsuit was filed more than two years later, Claim I will be dismissed as untimely.

The next issue is whether Claim II is a cognizable claim. The Complaint denominates Claim II as a due process claim. A plaintiff in federal court, however, is not limited or bound by the legal characterization of a claim that is contained in a complaint; a claim can survive as long as the facts alleged would support relief. <u>Forseth v. Village of Sussex</u>, 199 F.3d 363, 368 (7th Cir. 2000); <u>Kirksey v. R.J. Reynolds Tobacco Co.</u>, 168 F.3d 1039, 1041 (7th Cir. 1999); <u>Frederick v. Select Portfolio Serv., Inc.</u>, 2009 WL 230597 *3 (N.D. Ill. Jan. 30, 2009); <u>Warren v. Peterson</u>, 2008 WL 4411566 *2 (N.D. Ill. Sept. 25, 2008); <u>LaRoe v. Cassens & Sons, Inc.</u>, 472 F. Supp. 2d 1041, 1047 (S.D. Ill. 2006). In response to a motion to dismiss, the legal basis for a claim must be identified and a sufficient legal argument made in support of it. <u>Kirksey</u>, 168 F.3d at 1041-42; <u>Mucha v. Village of Oak Brook</u>, 2008 WL 4686156 *3 (N.D. Ill. May 29, 2008). In response to the motion to dismiss, plaintiff alternatively contends that Claim II states a violation of the Fourth Amendment.

Other than identifying the dates of his arrest, arraignment, and trial, and the names of the officers involved in his arrest, plaintiff provides no additional specifics about his arrest or the charges brought against him. He conclusorily alleges:

> 6. Defendants . . . did not have a lawful basis to arrest plaintiff but instead fabricated evidence to implicate plaintiff in criminal wrongdoing.
>
> * * *
>
> 10. Defendants . . ., by fabricating evidence and concealing their wrongdoing, caused plaintiff to be wrongfully held in custody for nearly two years . . . .

Compl. ¶¶ 6, 10. Defendants do not contend that the facts alleged provide insufficient notice of the fabrication claim or are insufficient to support that plaintiff brings a plausible fabrication claim. See generally Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Estate of Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007).

Ordinarily, providing false testimony or evidence in support of a criminal prosecution would be characterized as a malicious prosecution claim and plaintiff does assert such a claim, but only under state law. The apparent reason for not bringing a federal due process malicious prosecution claim is that the Seventh Circuit has held that there is no such due process claim in the present type of situation since Illinois

provides a state remedy for malicious prosecution, which is constitutionally adequate process. Newsome v. McCabe, 256 F.3d 747, 750-51 (7th Cir. 2001); Gauger v. Hendle, 349 F.3d 354, 359 (7th Cir. 2003); Johnson v. Smith, No. 07 C 1562, at 5 (N.D. Ill. Feb. 20, 2009) (docket entry 57) ("Johnson"); Griffin v. City of Chicago, 406 F. Supp. 2d 938, 947 (N.D. Ill. 2005). A due process Brady civil damages claim, though, is cognizable under 42 U.S.C. § 1983. See Carvajal v. Dominguez, 542 F.3d 561, 566-67 (7th Cir. 2008); Williams v. Carroll, 2009 WL 383623 *2 (N.D. Ill. Feb. 17, 2009). The rule against bringing malicious prosecution claims, however, cannot be avoided by mischaracterizing malicious prosecution claims based on providing false information (through testimony or otherwise) as Brady violations for failing to disclose that the information is false. See Gauger, 349 F.3d at 360; Johnson, at 4-5; Griffin, 406 F. Supp. 2d at 946-48; Gomez v. Riccio, 2006 WL 1030196 *2 (N.D. Ill. April 12, 2006). Whether that is what plaintiff is doing is difficult to discern given the limited factual allegations that have been made. And since this argument is not raised by defendants, plaintiff's Brady claim will not be dismissed on this ground. Plaintiff, however, should examine these precedents and carefully consider whether he has a cognizable Brady claim or instead should limit himself to pursuing a possible Fourth Amendment claim.

The argument that defendants do clearly raise is that plaintiff does not satisfy the materiality element of a civil Brady claim. In the criminal context, Brady materiality is defined as evidence for which "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bielanski v. County of Kane, 550 F.3d 632, 643-44 (7th Cir. 2008) (quoting Kyles v. Whitley, 514 U.S. 419, 433-34 (1995)); Carvajal, 542 F.3d at 567 (quoting Strickler v. Greene, 527 U.S. 263, 280 (1999)). In the criminal context, the result being different means that the defendant's conviction on one or more counts or the defendant's sentence has a sufficient probability of having been affected. A Brady violation that had the effect of overturning a guilty verdict will satisfy the materiality requirement for a civil Brady claim. See Bielanski, 550 F.3d at 644-45. However, if the civil complainant was acquitted in the criminal proceeding with the Brady evidence not being disclosed, there generally will not be a cognizable civil claim. Id.; Williams, 2009 WL 383623 at *3. In that situation, the materiality/prejudice element can still be satisfied if the decision to go to trial would have been affected by the withheld evidence, for example, the charges would have instead been dropped or dismissed before trial. See Bielanski, 550 F.3d at 644-45; Carvajal, 542 F.3d at 568-69; Williams, 2009 WL 383623

at *3; Banister v. City of Chicago, 2009 WL 393865 *4-5 (N.D. Ill. Feb. 12, 2009). Here, it is alleged that defendants' fabricated evidence was needed to implicate plaintiff and detain him in custody before trial. From the limited facts alleged, it can be inferred that charges would not even have been brought if not for the fabricated evidence that allegedly constitutes Brady evidence. Cf. Banister, 2009 WL 393865 at *4-5. Plaintiff's Brady claim will not be dismissed for failure to satisfy the materiality/prejudice requirement.

While the Brady claim is not being dismissed, as noted above, it is questionable whether plaintiff has a viable Brady claim. Alternatively, plaintiff contends that his fabrication claim falls under the Fourth Amendment. The only case plaintiff cites in support of the alternative contention is McCullah v. Gadert, 344 F.3d 655 (7th Cir. 2003). That case involved police officers providing false information in an incident report and at a preliminary hearing. Id. at 657. The criminal case, however, did not go to trial. Felony charges were dismissed at the conclusion of the preliminary hearing and a subsequent misdemeanor charge was dismissed before a hearing. Id. That is different from the situation in the present case. Moreover, although the Seventh Circuit reversed the dismissal of the above described claim, it only held that it was not dismissible based on the precedents relied upon by the district court. Id. at 660.

The Seventh Circuit left open the question of whether the plaintiff had a viable Fourth Amendment claim and, if he did, the parameters of such a claim. See id. at 660-61. Plaintiff's citation to this one case, as well as his failure to amplify on the nature of his Fourth Amendment claim, constitutes an insufficient legal argument in support of his Claim II being a cognizable Fourth Amendment claim.[2] However, since Claim II otherwise survives as a Brady claim, it is unnecessary at this time to resolve whether it is also cognizable as a Fourth Amendment claim.

Claim I will be dismissed. Defendants will be given four weeks to answer the Complaint. In the interim, plaintiff should consider whether he desires to file an amended complaint. If he decides to amend the complaint, no leave is required as long as he files it prior to defendants answering the Complaint. See Fed. R. Civ. P. 15(a)(1)(A).

IT IS THEREFORE ORDERED that defendants' motion to dismiss [14] is granted in part and denied in part. Claim I is dismissed. Within four weeks, defendants shall answer the

---

[2]Plaintiff's Fourth Amendment contention may only be based on being held in custody before trial, not any false testimony defendants may have provided at trial. The record presently before the court shows that a bond was determined at the time of the Gerstein hearing. Particularly if this was the only determination holding plaintiff before trial, such a Fourth Amendment claim may have accrued more than two years prior to the filing of plaintiff's lawsuit.

remaining allegations of the complaint.  All discovery is to be completed by July 31, 2009.  A status hearing will be held on April 30, 2009 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH 24, 2009